UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
Baldwin D. Ellis,

                Plaintiff,                              Civil Action No. 20-CV-3604

  -against-                                           COMPLAINT

645 BKLYN REALTY LLC, 645 BKLYN 12
REALTY LLC, OCEANWALK BEACH BKLYN
REALTY LLC, OCEANWALK CONDO BKLYN
REALTY LLC, 780 BKLYN REALTY LLC,
MINNETONKA III BKLYN REALTY LLC,
MINNETONKA V BKLYN REALTY LLC,
BROOKLYN EQUITIES 11, LLC,
KEVIN PADGETT, HELLER REALTY,
JOSHUA HELLER,

                Defendants.

-----------------------------------------------------------------------------x

## NATURE OF THE ACTION

1. Plaintiff, Baldwin D. Ellis, brings this action to recover unpaid overtimes wages for work he performed for Defendants from March 2015 through August 2018.

2. Plaintiff seeks unpaid overtime wages, liquidated damages, interest and attorneys' fees for Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and the New York Labor Law §§ 650 et. seq. and 12 N.Y.C.R.R. §142-2.2.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because the conduct giving rise to the complaint took place in this judicial district. Furthermore,

Plaintiff resides and, upon information and belief, Defendants have a principal place of business in this district.

## PARTIES

5. Plaintiff Baldwin D. Ellis currently resides at 645 Ocean Avenue, Apt A2, Brooklyn, NY 11226 (hereinafter "645 Ocean Ave."). Plaintiff lived and worked at 645 Ocean Ave. as superintendent from April 1994 until April 30, 2019, when he was terminated by the Defendants.

6. Upon information and belief, Defendants 645 BKLYN REALTY LLC, 645 BKLYN 12 REALTY LLC, OCEANWALK BEACH BKLYN REALTY LLC, OCEANWALK CONDO BKLYN REALTY LLC, 780 BKLYN REALTY LLC, MINNETONKA III BKLYN REALTY LLC, MINNETONKA V BKLYN REALTY LLC, (hereinafter "Defendant Owners") are the owners as tenants in common of 645 Ocean Ave. The principal place of business of Defendant Owners is 45 Main Street, Suite 846, Brooklyn, NY 11201. At all relevant times, Defendant Owners were Plaintiff's employer. At all relevant times, Defendant Owners were, and continue to be "an enterprise engaged in commerce" within the meaning of FLSA.

7. Upon information and belief, Defendant Brooklyn Equities 11, LLC is the managing agent for the Defendant Owners. The principal place of business for Defendant Brooklyn Equities 11, LLC is 45 Main Street, Suite 846, Brooklyn, NY 11201. At all relevant times, Defendant Brooklyn Equities 11, LLC was Plaintiff's employer. At all relevant times, Defendant Owners were, and continue to be "an enterprise engaged in commerce" within the meaning of FLSA.

8. Upon information and belief, Defendant Kevin Padgett is the vice president of Brooklyn Equities 11, LLC. Defendant Padgett signed a letter, dated April 30, 2019, terminating

Plaintiff's employment. The principal place of business for Defendant Padgett is 45 Main Street, Suite 846, Brooklyn, NY 11201. At all relevant times, Defendant Padgett was Plaintiff's employer.

9. Upon information and belief, Defendant Heller Realty is the agent of Brooklyn Equities 11, LLC. Defendant Heller Realty was listed as the agent for Brooklyn Equities 11, LLC on the letter, dated April 30,2019, which terminated Plaintiff's employment. The principal place of business for Defendant Heller Realty is 45 Main Street, Suite 846, Brooklyn, NY 11201. At all relevant times, Defendant Heller Realty was Plaintiff's employer.

10. Upon information and belief, Joshua Heller is the principal and Chief Financial Officer for Heller Realty. The principal place of business for Defendant Heller Realty is 45 Main Street, Suite 846, Brooklyn, NY 11201. At all relevant times, Defendant Joshua Heller was Plaintiff's employer.

## STATUTORY AND REGULATORY FRAMEWORK

11. The Federal Fair Labor Standards Act (FLSA) requires covered employers to pay their employees one and a half times their regular rate for their hours worked beyond 40 hours per week. 29 U.S.C. § 207(a).

12. "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). Covered employers under the FLSA are those who engage in related activities in commerce for a common business purpose and who have a gross volume of business which is not less than $500,000.00 per year. 29 U.S.C. § 203(s)(1)(A)(ii).

13. Employees under FLSA are any individuals employed by a covered employer. 29 USC § 203(e)(1).

14. Employers covered by the FLSA must make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment. 29 U.S.C. §§ 211(c) and 215(a).

15. Where an employer's violations of the FLSA are willful and intentional and where the employer has not made a good faith effort to comply with the FLSA, the employee will be entitled to recover his unpaid overtime wages and an equal amount in liquidated damages, prejudgment interest as well as reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

16. New York Labor Law §663 provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

17. Under New York regulations, the employer must pay an employee an overtime wage of one and one-half times the employee's regular rate of pay. 12 N.Y.C.R.R. §142-2.2.

18. Any individual, limited liability company or corporation or organized group acting as an employer, is a covered employer. New York Labor Law § 651(6).

19. New York State overtime requirements apply to all individuals who fall within its definition of "employee." Section 651(5) of the Labor Law defines "employee" for these purposes as "any individual employed or permitted to work by an employer in any occupation."

20. NYLL §195(3) provides that every employer shall furnish each employee with a

statement with every payment of wages which must include, for all employees who are not exempt from overtime, the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

21. NYLL §195(4) provides that every employer shall maintain and preserve contemporaneous and accurate records of hours worked each week, and for all employees who are not exempt from overtime compensation, the payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of hours worked, and the number of overtime hours worked.

22. NYLL §198(1-a) provides that an underpaid employee is entitled to recover in a civil action the total amount of the underpayment, costs, attorney fees, and prejudgment interest, plus, if the underpayment was willful (without a proven good faith basis to believe that the underpayment was in compliance with the law), additional liquidated damages equal to one hundred percent of the total underpayments due.

23. NYLL §198(1-d) provides that for violations of NYLL 195(3), an underpaid employee is entitled pursuant to NYLL §198(1)(b) to recover damages of $250 for each work day that the violations occurred or continued to occur, up to a maximum total of $5,000, plus costs, reasonable attorneys' fees, and any other relief that the Court in its discretion deems appropriate.

## **FACTS**

24. Plaintiff Baldwin D. Ellis worked at 645 Ocean Ave. as a superintendent from April 1994 until April 30, 2019, when he was terminated by the Defendants.

25. As building superintendent, Plaintiff performed duties including disposing of building waste, recycling, repairs and responding to tenant complaints.

26. As part of his employment, Plaintiff was provided with an apartment in the building and continues to reside in that apartment.

27. Upon information and belief, Defendant Owners took possession of 645 Ocean Ave. in March, 2015.

28. Plaintiff was the only on-site employee at 645 Ocean Ave during the time that Defendants owned the building. While Plaintiff was allegedly allowed to take two days off per week, Defendants directed him to be available for tenant repairs and emergencies seven days a week.

29. After the Defendant owners took possession of 645 Ocean Avenue, Plaintiff was required to submit time records on a weekly basis. Defendants required Mr. Ellis to log the hours he worked and submit those timesheets to his supervisors by email from the time Defendant Owners took possession of 645 Ocean Ave. in March, 2015 through the last time he actively performed work for Defendants in August, 2018.

30. Despite receiving these time records showing that Plaintiff consistently worked more than 40 hours on a weekly basis, Defendants failed to pay Plaintiff for any hours over 40 per week during the entire period that he worked for Defendants.

31. Time records submitted by Plaintiff to Defendants showed the amount of overtime Mr. Ellis worked from March, 2015 through August 14, 2018.

32. From March, 2015 until August, 2018, Plaintiff worked more than 40 hours each week for Defendants.

33. Plaintiff's regular rate of pay was $17.13 per hour from March, 2015 until December 31, 2017. During that same period, from March 2015 until December 31, 2017, Plaintiff was entitled to a rate of $25.70 for any hours over 40 (overtime hours).

34. In 2015, Plaintiff worked not less than 259 overtime hours and was entitled to not less than $6,656.30 in overtime wages.

35. In 2016, plaintiff worked not less than 315 overtime hours and was entitled to not less than $8,095.50 in overtime wages.

36. In 2017, plaintiff worked not less than 339 overtime hours and was entitled to not less than $8,712.30 in overtime wages.

37. Plaintiff's regular rate of pay was $18.50 per hour from January 1, 2018 until he was terminated on April 30, 2019. During that same period, January 1, 2018 through April 30, 2019, plaintiff was entitled to rate $27.75 for any hours over 40.

38. From January 1, 2018 through August 14, 2018, Plaintiff worked 209 overtime hours and was entitled a total of $5,799.75.

39. The total amount of unpaid overtime between March 2015 through August 2018, is not less than $29,263.85.

40. Defendants provided Plaintiff with a statement regarding hours of work and rate of pay with every payment of wages. However, none of the statements provided to the Plaintiff by Defendants included the number of overtime hours that plaintiff worked or the overtime rate.

41. Upon information and belief, Defendants collect over $500,000 in rent from the tenants at 645 Ocean Avenue.

42. According to the Department of Housing and Urban Development (HUD), the fair market rent (FMR) for the zip code 11226 (the zip code for 645 Ocean Avenue) is $1,665.00 for a studio, $1,714.00 for a one-bedroom, $1,951 for a two-bedroom, $2,472.00 for a three-bedroom apartment, and $2,643.00 for a four-bedroom apartment.. *See* https://www.rentdata.org/lookup (last accessed August 10, 2020). HUD defines the FMR as the

40th percentile of rents paid by recent movers in a given FMR area. 24 C.F.R. §888.113. Since the FMR rent prices are at the 40th percentile of rents in the neighborhood, the FMR is slightly below median rents.

43. 645 Ocean Avenue is a six-story building with 56 residential apartments made up of six studio units, 19 one-bedroom units, 19 two-bedroom units, and 11 three-bedroom units and 1 four-bedroom unit. Using the FMR to estimate rent collection for all 55 apartments at 645 Ocean Avenue, the Defendants would receive $9,990 per month for the 6 studios, $32,566 per month for the 19 one-bedroom units, $37,069 per month for the 19 two-bedroom apartments, $27,192 per month for the 11 three-bedroom units and $2,643.00 per month for the four-bedroom unit. Utilizing the FMR to estimate rent collection for all apartments at 645 Ocean Avenue, Defendants are estimated to receive rent of $109,460.00 per month or $1,313,520.00 per year.

## FIRST CLAIM FOR RELIEF

**Unpaid Overtime Wages in Violation of FLSA**

44. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

45. Upon information and belief, at all relevant times, Defendants were and continue to be employers engaged in commerce within the meaning of FLSA, 29 U.S.C. § 203(s)(1)(A)(ii). Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000 per year.

46. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. § 207(a). Until he was terminated in April, 2019 and at all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

47. Defendant failed to pay Plaintiff one-and-one-half times his regular wage for all hours worked over forty in one week, in violation of the FLSA, 29 U.S.C. §207(a)(1).

48. Defendants' violation of FLSA, as described herein, was willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation when they knew or should have known such was due and that failing to do so would financially injure Plaintiff. Plaintiff is entitled to recover from Defendants, jointly and severally, amounts to be determined at trial for his unpaid overtime, an equal amount as liquidated damages, reasonable attorneys' fees and the costs of the action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**Unpaid Overtime Wages under the New York Labor Law**

49. Plaintiff realleges and incorporates by reference every allegation in all preceding paragraphs.

50. 12 N.Y.C.R.R. §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

51. New York Labor Law §663 provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

52. At all relevant times to this action, Defendants failed to pay Plaintiff one and one half times his regular hourly rate for all hours worked in excess of forty per work week, in violation of the New York Labor Law and 12 N.Y.C.R.R. §142-2.2.

53. Defendants' failure to pay wages and overtime compensation to Plaintiffs for work performed after the first 40 hours worked in a week was willful. New York Labor Law §663

54. Plaintiff is entitled to recover unpaid overtime, an additional amount in liquidated damages equal to unpaid wages and overtime, costs, reasonable attorneys' fees, and pre- as well as post-judgment interest. New York Labor Law §§ 198(1-a), 663(1).

### THIRD CLAIM FOR RELIEF

### Failure to Provide Statements Required by NYLL §195(3)

55. Plaintiff re-alleges the allegations in all preceding paragraphs.

56. Defendant willfully failed to provide Plaintiff with statements, with every payment of wages, that included the hours that Plaintiff worked over 40 and the overtime rate as required by NYLL §195(3).

57. Due to Defendant's violation, Plaintiff is entitled pursuant to NYLL §198(1)(d) to recover damages of $250 for each work day that the violations occurred or continued to occur, up to a maximum total of $5,000, plus costs, reasonable attorneys' fees, and any other relief that the Court in its discretion deems appropriate.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award Plaintiff damages for unpaid overtime due under the FLSA and an additional equal amount as liquidated damages because of Defendants' willful failure to pay

overtime wages for hours worked beyond 40 hours in a single work week, pursuant to 29 U.S.C. § 207(a);

    (b)    Award Plaintiff damages for unpaid overtime wages and an additional equal amount as liquidated damages, pursuant to New York Labor Law § 663(1);

    (c)    Award Plaintiff $5,000 for Defendant's statement violations of NYLL §195(3)

    (d)    Award Plaintiff pre- and post-judgment interest;

    (e)    Award Plaintiff the costs of this action together with reasonable attorney's fees pursuant to New York Labor Law § 663 and 29 U.S.C. § 216(b); and

    (f)    Grant such other and further relief as this Court deems necessary and proper.

Dated: August 10, 2020
       Brooklyn, NY

                              Respectfully submitted,

*/s/ Nicole Salk*
_____
BROOKLYN LEGAL SERVICES
Attorneys for Plaintiffs
105 Court Street, 3rd floor
Brooklyn, NY 11201
(718) 237-5544

            BY:    Nicole Salk